UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV15-6274-CAS(GJSx) | Date | January 7, 2016 |
|---|---|---|---|
| Title | FOSHAN NAIBAO ELECTRIC PRODUCT CO., LTD. ET AL. V. NINGOBO A-ONE INDUSTRIAL CO., LTD. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (IN CHAMBERS) - MOTION TO EXTEND THE TIME TO SERVE THE DEFENDANT IN CHINA PURSUANT TO THE HAGUE SERVICE CONVENTION (Dkt. 11, filed December 9, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the matter is hereby taken under submission.

## I.   INTRODUCTION

On August 18, 2015, plaintiffs Foshan Naibao Electric Product Co., Ltd. and Xpower Manufacture, Inc. (collectively, "plaintiffs") filed this action for infringement of a U.S. design patent involving various air mover devices against defendant Ningbo A-One Industrial Co., Ltd. ("Ningbo"). Ningbo is a business entity with an address in Ningbo, Zhejiang, People's Republic of China. Declaration of Alan Nakazawa ("Nakazawa Decl."), Dkt. 11-2, § 4. Through the instant motion, filed on December 9, 2015, plaintiffs seek to extend their time to serve defendant Ningbo in the People's Republic of China to March 31, 2016. Dkt. 11.

## II.   DISCUSSION

In a sworn declaration, counsel for plaintiffs avers that on September 8, 2015, in accordance with the Hague Service Convention, the Summons and Complaint in this action were translated into Chinese and the relevant "judicial documents" were sent by plaintiffs via FedEx courier to the Ministry of Justice in Beijing in the People's Republic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-6274-CAS(GJSx) | Date | January 7, 2016 |
|---|---|---|---|
| Title | FOSHAN NAIBAO ELECTRIC PRODUCT CO., LTD. ET AL. V. NINGOBO A-ONE INDUSTRIAL CO., LTD. | | |

of China. Id. § 6; see Fed. R. Civ. P. 4(f) (permitting service of an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"). The FedEx tracking indicates that the judicial documents were received in Beijing by the Ministry of Justice on September 14, 2015. Id. Plaintiffs further aver that it typically takes four to six months to receive confirmation from the Chinese Ministry of Justice that service has occurred in the People's Republic of China, Nakazawa Decl. § 7, such that plaintiffs may not receive confirmation of service until March 2016.

Pursuant to the version of Federal Rule of Civil Procedure 4(m) that was in place at the time that plaintiffs filed this action, this Court must dismiss an action (as to a particular defendant) without prejudice or order that service be made within a specified time when a defendant is not served within 120 days of the filing of the action.[1] However, Rule 4(m) expressly provides that the subdivision regarding the 120-day time limit does not apply to service in a foreign country pursuant to subdivision (f) (regarding service on individuals in a foreign country), or pursuant to subdivision (j)(1) (regarding service on a foreign state). See Fed. R. Civ. P. 4(m). In addition, "[t]he few courts that have addressed this aspect of Rule 4(m) have held that the rule acts to remove any deadline for serving a complaint in a foreign country." Pennsylvania Orthopedic Ass'n v. Mercedes-Benz A.G., 160 F.R.D. 58, 60-61 (E.D. Pa. 1995) (citing Lucas v. Natoli, 936 F.2d 432, 433 (9th Cir. 1991) ("We find the controlling language of Rule 4(j) so clear that it allows no latitude for interpretation")); see also Cargill Ferrous Int'l v. M/V Elikon, 154 F.R.D. 193, 196 (N.D. Ill. 1994) ("So long as service is in accord with Rule 4(f), it is not subject to the 120-day time limit for service") (citing Fed. R. Civ. P. 4(m)).

Thus, although plaintiffs seek an extension of time to complete service in a foreign country pursuant to Rule 4(f), plaintiffs appear not to need any such extension.

---

[1] Effective December 1, 2015, Federal Rule of Civil Procedure 4(m) was amended to require service within 90 days of filing. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                       'O'

| Case No. | CV15-6274-CAS(GJSx) | Date | January 7, 2016 |
|---|---|---|---|
| Title | FOSHAN NAIBAO ELECTRIC PRODUCT CO., LTD. ET AL. V. NINGOBO A-ONE INDUSTRIAL CO., LTD. | | |

Nonetheless, in light of plaintiff's showing of good cause for their failure to serve within 120-days of the date of filing, the Court finds it appropriate to grant plaintiffs' motion.

### III. CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** plaintiffs' motion and thereby orders that plaintiffs shall have an extension of time until March 31, 2016, to serve defendant Ningbo A-One Industrial Co., Ltd. in the People's Republic of China pursuant to the Hague Service Convention.

Accordingly, the hearing date of **January 11, 2016 at 10:00 AM** is hereby **VACATED**.  No appearances are necessary on January 11, 2016.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CL | |